**Nidal Mahmoud OUDEH, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 00–70843.
INS No. A71–572–062.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 14, 2001.

R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD, and McKEOWN, Circuit Judges.

## MEMORANDUM**

■ Nidal Mahmoud Oudeh, a citizen and native of Jordan, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's denial of his application for asylum and withholding of deportation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996

We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] We review for substantial evidence the BIA's determination that a petitioner has not established eligibility for asylum, *Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir.1993), and will uphold the determination unless the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ A reasonable factfinder could conclude that Oudeh failed to demonstrate a well founded fear of future persecution as a result of his work as a journalist because he failed to meet his burden of "showing by credible, direct and specific evidence" an objective fear of future persecution. *See Prasad v. INS*, 47 F.3d 336, 338 (9th Cir.1995).

Because Oudeh failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

We reject Oudeh's remaining contentions.

**PETITION FOR REVIEW DENIED.**

("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).